# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JILL LAZENBY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No.  05-2124-CM |
| ) | |
| **BALLS FOOD STORES, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On March 9, 2005, plaintiff Jill Lazenby filed this cause of action in the District Court of Wyandotte County, Kansas, alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.  On March 30, 2005, defendants removed the matter to this court.

This matter comes before the court on defendant Tippin's Gourment Pies, L.L.C.'s Motion to Dismiss Under Rule 12(b)(1) or in the Alternative to Compel Arbitration and Stay Proceedings (Doc. 5), and defendants Four B Corp., Balls Food Stores, Inc. and Tippins Bakeries' Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) (Doc. 7).  In response to defendant Tippin's Gourmet Pies, L.L.C.'s Motion, plaintiff filed a notice of her Consent to Arbitration (Doc. 11) and has also requested that the court stay the case pending arbitration of her claims.  Defendants Four B Corp., Balls Food Stores, Inc. and Tippins Bakeries concur with plaintiff's request that the case be stayed pending arbitration of plaintiff's claims.

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq*., ensures that written arbitration agreements in maritime transactions and transactions involving interstate commerce are "valid, irrevocable, and enforceable."  9 U.S.C. § 2.  Federal policy favors arbitration agreements and requires that the court

"rigorously enforce" them. *Shearson/Am. Exp., Inc., v. McMahon*, 482 U.S. 220, 226 (1987) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985)); *see Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

Section 3 of the FAA states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

The question of whether the parties agreed to arbitrate a dispute is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise. *AT&T Techs., Inc. v. Communication Workers of Am.*, 475 U.S. 643, 649 (1986). Arbitration is a matter of contract between the parties. A party can be made to arbitrate only those disputes which they have agreed to submit to arbitration. *Id.* at 648; *see also Avedon Eng'g., Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997).

In this case, the parties are in unanimous agreement that the case be stayed while the matter proceeds to arbitration pursuant to the arbitration clause contained in plaintiff's employment application. Accordingly, the court finds that the parties shall proceed to arbitration as they have agreed.

With regard to the two pending motions to dismiss (Docs. 5 and 7), the court notes that, while § 3 of the FAA requires the court to stay litigation when claims are properly referable to arbitration, it does not provide for dismissal of the case. The Supreme Court has held that the FAA does not oust the district court's jurisdiction over claims subject to arbitration. *The Anaconda v. Am. Sugar Refining Co.*, 322 U.S. 42, 44 (1944). The Tenth Circuit has interpreted this to mean that § 3 of the FAA contemplates continuing supervision by the district court. *Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 538-39 (10th Cir. 1987). Accordingly, the court stays defendants' motions to dismiss pending the outcome of arbitration.

**IT IS THEREFORE ORDERED** that defendant Tippin's Gourment Pies, L.L.C.'s Motion to Dismiss Under Rule 12(b)(1) or in the Alternative to Compel Arbitration and Stay Proceedings (Doc. 5) is granted in part. The court finds that plaintiff's claims against defendants are subject to arbitration and are hereby stayed pending arbitration.

**IT IS FURTHER ORDERED** that the parties shall proceed to arbitration in accordance with the provisions of the arbitration clause.

**IT IS FURTHER ORDERED** that defendants' Motions to Dismiss (Docs. 5 and 7) are hereby stayed pending the outcome of arbitration.

**IT IS FURTHER ORDERED** that this court shall retain jurisdiction to review, modify, or vacate any arbitration award, should any party choose to seek such action as permitted by the FAA.

Dated this 27th day of June 2005, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**